**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SHAPOUR ESMAEILIAN,
Petitioner,
v.
MARKWAYNE MULLIN, *et al.,*
Respondents.

Case No. 5:26-cv-03703-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On July 1, 2026, Petitioner Shapour Esmaeilian ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241 ("§ 2241"), challenging his continued detention. (Dkt. 1 at 17–23.) Given Respondents' lack of opposition, the Court GRANTS the Petition on this basis and ORDERS Respondents to release Petitioner Shapour Esmaeilian (A# 096-400-749) from custody.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Petitioner is a citizen of Iran who is detained at Adelanto ICE Processing Center. (Dkt. 1 at 1, 11.) Petitioner originally entered the United States on a F-1 visa and overstayed. (*Id.* at 11, 13.) According to Petitioner, after serving a two-

year prison sentence for a commercial burglary conviction, Petitioner was detained by immigration authorities for approximately 90 days and ordered removed by an immigration judge. (*Id.* at 11.) Iran was the designated country for removal. (*Id.*) Unable to remove Petitioner, immigration officials release Petitioner on an Order of Supervision ("OSUP") in February 2004. (*Id.*) Petitioner alleges he has complied with all reporting requirements and never missed an immigration supervision appointment. (*Id.*) Petitioner also alleges that he has established strong ties to the community, has studied steadily, and has been a father, grandfather, and valuable member of his community. (*Id.* at 12.)

Petitioner alleges that he was re-detained at an ICE check-in and his OSUP was revoked. (*Id.* at 11.)

The Petition, filed on July 1, 2026, raises multiple claims alleging that Petitioner's detention violates Fifth Amendment due process protections, the Administrative Procedure Act, and the *Accardi* Doctrine. (Dkt. 1 at 17–23.) Petitioner also alleges his detention is *ultra vires* action. (*Id.* at 22.)

Respondents filed their return on July 13, 2026. (Dkt. 8.) Despite noting Petitioner's criminal history, Respondents state that they "are not presenting an opposition argument to the merits of Petitioner's detention at this time due to the challenges associated with effecting removal to Iran." (*Id.* at 1.) Respondents, however, argue that they "oppose any relief of requiring a 'pre-deprivation' custody redetermination hearing." (*Id.*)

## III. DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507,

525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is an order granting the Petition and that Petitioner be released immediately. (Dkt. 1 at 23.) As noted in their Return, "Respondents are not presenting an opposition argument to the merits of Petitioner's detention at this time due to the challenges associated with effecting removal to Iran." (Dkt. 8 at 1.) Given Respondents' non-opposition, the Court finds that it is appropriate to grant the Petition on this basis and order that Petitioner be released. *See Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

/ / /

/ / /

## IV. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS Respondents:

(1) to release Petitioner Shapour Esmaeilian (A# 096-400-749) forthwith;

(2) to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention; and

(3) to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED: July 20, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge